UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARM CREDIT WEST, PCA,<br><br>    Plaintiff,<br><br>    v.<br><br>CASE LANTING, JANE LANTING<br><br>    Defendants. | Case No.: 1:13-cv-00712-AWI-SMS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT<br><br>(Doc. 15) |

## INTRODUCTION

Plaintiff Farm Credit West has filed a complaint for breach of guaranty. Defendants Case Lanting and Jane Lanting move for a more definite statement under Federal Rule of Civil Procedure 12(e). For reasons discussed below, Defendants' motion shall be DENIED.

## FACTS AND PROCEDURAL BACKGROUND

This action arises from a guaranty executed by Defendants to induce Plaintiff to extend credit to the Borrowers (who are not parties in this action).

Plaintiff is a citizen of the State of California, and Defendants are citizens of the State of Washington. Compl. ¶ 1.

On October 26, 2011, Defendants executed and delivered to Plaintiff a guaranty, whereby Defendants agreed to pay Plaintiff the amount of all credit advanced to the Borrowers, plus interest,

attorneys' fees and costs. Id. ¶ 21. Based in part on the guaranty, Plaintiff agreed to extend credit to the Borrowers. Id. ¶ 22.

On November 2, 2012, Plaintiff submitted a letter to Defendants regarding a restructure application. Id. Plaintiff demanded Defendants to pay the amounts due under the guaranty, but Defendants failed and refused to pay. Id. ¶ 23.

On March 25, 2013, Plaintiff initiated this action, alleging breach of guaranty. Compl. ¶ 24. Plaintiff claims that Defendants failed to pay approximately seven million dollars. Id.

On May 21, 2013, Defendants filed a motion for a more definite statement, alleging: (1) it is uncertain whether venue is proper in this District; (2) Plaintiff needs to clarify whether it complied with certain Farm Credit Administration procedures; (3) there is no accounting for Defendants' guaranteed obligations. Doc. 15-1.

On June 17, 2013, Plaintiff filed an opposition. Doc. 16.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "If a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). A Rule 12(e) motion for a more definite statement must be considered in light of the liberal pleading standards set forth in Rule 8(a)(2). Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). Motions for a more definite statement are disfavored and are rarely granted because of the minimal pleading requirements of the federal rules. Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

"The proper test in evaluating a Rule 12(e) motion is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Fed. Sav. & Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988); see also SCHWARZER, TASHIMA & WAGSTAFFE, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 9:349 (rev. 2013) ("A motion for more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail.") Such a motion is proper only where the complaint is so vague or ambiguous that the opposing

party cannot respond. Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999); Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted. C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1123, 1130 (E.D. Cal. 2009). If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied. U.S. E.E.O.C. v. Alia Corp., 842 F. Supp. 2d 1243, 1248 (E.D. Cal. 2012); Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009).

## DISCUSSION

**1. Complaint's allegations concerning venue are sufficient.**

Defendants contend that venue is uncertain because there are not enough facts to establish that the guaranty is to be performed within the Eastern District of California as opposed to the State of Washington. Doc. 15-1.

Issues raised in determining proper venue in federal actions are governed exclusively by federal law … even if the action is based on diversity jurisdiction. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988). Once a defendant challenges venue, the plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979). Title 28 U.S.C. § 1391(a) provides that "a civil action may be brought in … (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The Ninth Circuit has not articulated a clear test for determining whether venue is proper under the current version of § 1391(a)(2). Richmond Technologies, Inc. v. Aumtech Bus. Solutions, 11-CV-02460-LHK, 2011 WL 2607158, at *10 (N.D. Cal. July 1, 2011). However, courts agree that venue may be proper in multiple districts if a "substantial part" of the underlying events took place in each of those districts. See, e.g., Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005) (citing cases from various federal courts of appeals). Thus, Plaintiff does not have to show that the Eastern District of California has the *most* substantial relationship to the dispute, or that it is the "best" venue. See Silver Valley Partners, LLC v. De Motte, 400 F. Supp. 2d 1262, 1269 (W.D. Wash. 2005); Rodriguez v. California Highway

Patrol, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000). All that Plaintiff needs to show is that a substantial part of the events giving rise to the claim occurred in this District, even if a greater part of the events occurred elsewhere. See Gulf Ins. Co., 417 F.3d at 357; Rodriguez, 89 F. Supp. 2d at 1136.

In a contract action, relevant factors to be considered when determining venue are where the negotiations took place, where the contract was signed, where performance or breach occurred, or the place where parties acted or were engaged in business. Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001); see also Shropshire v. Fred Rappoport Co., 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003) (finding venue proper because contract was partially negotiated, signed, and substantially performed in the district). The Ninth Circuit has held that venue is proper in the place of intended performance, not in the place where the contract was repudiated. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986).

**A. The guaranty is to be performed or intended to be performed in California.**

A contract is to be performed at the place where it is made, when no other place is indicated. Dorman v. John Hancock Mut. Life Ins. Co. of Boston, Mass., 25 F. Supp. 889, 891 (S.D. Cal. 1939) aff'd sub nom. John Hancock Mut. Life Ins. Co. of Boston, Mass., v. Dorman, 108 F.2d 220 (9th Cir. 1939). A contract is "made" in the place of acceptance. Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F. Supp. 2d 1183, 1197 (S.D. Cal. 2007). An obligation evidenced by an instrument is created at the place where the instrument is delivered. In re Motor Products Mfg. Corp., 90 F.2d 8, 10 (9th Cir. 1936). In the instant case, Defendants executed and delivered the guaranty to Plaintiff. Plaintiff signed and accepted the guaranty in California. This acceptance was the last act necessary to give the guaranty binding effect. Therefore, the guaranty was made in California. Because no place of performance is expressly mentioned, the guaranty is to be performed or intended to be performed in California, not Washington.

**B. Venue may be proper in the Eastern District even if Defendants have never set foot in this District.**

Courts have recognized that modern technology permits negotiation and performance of contracts without face-to-face contacts. Kirkpatrick v. Rays Group, 71 F. Supp. 2d 204, 213-14 (W.D.N.Y.1999) (discussing cases finding venue proper in districts where a defendant never set foot

because technology has advanced to the point that many contractual arrangements may be made without face-to-face meetings); see also Gregory v. Pocono Grow Fertilizer Corp., 35 F. Supp. 2d 295 (W.D.N.Y.1999) (holding that venue is proper in the district where the plaintiff is located, even though the defendant's contact was limited to telephone conversations, facsimiles and other correspondence between the parties). Venue is proper in a district where one party to the contract is located and where obligations under the contract are due. Richmond Technologies, 2011 WL 2607158, at *10 (citing Decker Coal, 805 F.2d at 842 ("Place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued.")) Here Plaintiff resides in California. Entering into the guaranty required frequent communications with Plaintiff, and therefore, with California. If Plaintiff's allegations are true, the guaranty is at least partially negotiated in this District, and venue will be proper. The specific information of how the parties communicated and made contractual arrangements can be obtained in discovery.

The Court finds the complaint's allegations are sufficient regarding venue in this District because the complaint alleges this is where Plaintiff is resided, where the guaranty is partially negotiated, and where the guaranty obligations are due.[1]

**2. Lack of accounting does not make the complaint unintelligible.**

Defendants also contend that the complaint is vague as to what payments were made and whether funds were directed to loans outside of the guarantee. Doc. 15-1.

Breach of a written guaranty is a contractual cause of action that requires proof of the same elements as breach of contract. Bank of Sierra v. Kallis, No. CIV F 05-1574, 2006 WL 3513568, at *7 (E.D. Cal. Dec. 6, 2006). The elements for breach of contract are: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damage to the plaintiff. Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011); Clark v. Countrywide Home Loans, Inc., 732 F. Supp. 2d 1038, 1043 (E.D. Cal. 2010).

---

[1] As a general rule, a plaintiff's choice of forum is given deference. Decker Coal, 805 F.2d at 843. If Defendants cannot provide evidence to warrant disturbing Plaintiff's choice, the Court will uphold Plaintiff's selection of this District as the appropriate forum in this matter.

In the instant case, the complaint alleges that the parties have entered into the guaranty, Plaintiff has demanded Defendants to pay the amounts due, Defendants have failed to pay, and as a result, Plaintiff has suffered damages. The Count finds that the complaint is specific enough for Defendants to form a response. Defendants do not attack the elements of a breach of contract. Instead, they request accounting information. Because the requested accounting does not make the complaint more intelligible, and because the details are obtainable through discovery, Defendants' motion for more information on this issue must be denied.

**3. Compliance with the Farm Credit Administration Procedures**

Defendants' third contention is that Plaintiff needs to clarify whether it complied with certain Farm Credit Administration procedures. Again, Defendants did not respond to any of the breach of contract allegations. Plaintiff's compliance or non-compliance with the administrative procedures does not make the complaint more or less intelligible. If Defendants believe they are making a legitimate argument, they need to explain in detail why compliance with the procedures is necessary and how it affects their case.

### ORDER

For the reasons discussed above, Defendant's motion for a more definite statement is DENIED.

IT IS SO ORDERED.

Dated:   July 12, 2013                         _____
                                                SENIOR DISTRICT JUDGE